UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALBERT GURLEY,<br><br>　　　　　Defendant. | No. 2:24-cr-00012-TLN<br><br><br>**ORDER** |

　　　　This matter is before the Court on Defendant Albert Gurley's ("Defendant") Motion to Sever. (ECF No. 53.) The Government filed an opposition. (ECF No. 57.) Defendant did not file a reply. For the reasons set forth below, the Court DENIES Defendant's motion.

　　　　Joinder of multiple defendants is proper where the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim P. 8(b). When defendants are properly joined, Federal Rule of Criminal Procedure 14 allows severance "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). The district court has discretion under Rule 14 to sever a defendant that "may be significantly prejudiced by a joint trial with his codefendants." *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980).

Defendant argues the Court should sever him from this action because his co-Defendants agreed to waive time, which will significantly delay Defendant's right to a speedy trial. (ECF No. 53 at 2–3.) In opposition, the Government argues Defendant was indicted on January 25, 2024, and any delays thus far have been reasonable based on the need for defense preparation and the complexity of this case. (ECF No. 57.)

The Court agrees with the Government. Defendant was charged less than two weeks ago with seven co-Defendants in a five-count indictment charging conspiracy to distribute and possess with intent to distribute heroin and fentanyl, possession with intent to distribute fentanyl, and possession with intent to distribute heroin. (ECF No. 42.) Defendant does not argue that he was improperly joined in this action and instead broadly argues that he will be prejudiced by delay of trial. (ECF No. 53 at 2–3.) Defendant fails to persuade the Court that the continuance of this action to April 25, 2024, and exclusion of time for defense preparation was unreasonable, especially considering the Government's assertion that it is currently processing discovery for production. (ECF No. 57 at 3.) Defendant also fails to persuade the Court he will suffer significant prejudice if he is not severed from this action, as he fails to cite any authority to support severing a properly joined defendant at this early stage.

For the foregoing reasons, the Court DENIES Defendant's motion to sever. (ECF No. 53.)

IT IS SO ORDERED.

Date: February 6, 2024

Troy L. Nunley
United States District Judge